# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2719-15T2

K.W.,

    Plaintiff-Respondent,

v.

J.W.,

    Defendant-Appellant.

_____

Submitted June 1, 2017 — Decided July 5, 2017

Before Judges Alvarez and Manahan.

On appeal from the Superior Court of New
Jersey, Chancery Division, Family Part, Ocean
County, Docket No. FV-15-0487-16.

J.W., appellant pro se.

Jef Henninger, attorney for respondent.

PER CURIAM

    Defendant J.W. is self-represented in this proceeding, as he was during trial. He appeals a November 16, 2015 decision denying reconsideration of a September 24, 2015 final restraining order (FRO), issued pursuant to the Prevention of Domestic Violence Act (Act), <u>N.J.S.A.</u> 2C:25-17 to -35. After consideration of the

record, we affirm based on the Family Part judge's cogent and detailed decision rendered orally from the bench.

J.W.'s brief focuses on his claim that the suspension of visitation with his children, contingent upon a psychiatric evaluation, is a violation of his Fourteenth Amendment rights. He also challenges the judge's decision to amend the complaint the day before the trial began. K.W., J.W.'s wife, had filed the complaint in a police station during evening hours, and the court granted her counsel's request to correct dates and add stalking, N.J.S.A. 2C:12-10, as a predicate act to the original harassment charge, N.J.S.A. 2C:33-4. The complaint was further amended to indicate that the parties had a prior history of domestic violence. J.W. was granted an adjournment as a result of this amendment. Finally, J.W. generally disputes the trial judge's factual findings.

It is clear that J.W. mistakenly believes he is appealing the FRO, although it is not listed on his notice of appeal. See R. 2:5-1(f)(3)(A). No timely appeal of the FRO was filed. We will therefore limit our discussion to the reconsideration decision, the only order listed on the notice of appeal. See Campagna v. American Cyanamid, 337 N.J. Super. 530, 550 (App. Div.), certif. denied, 168 N.J. 294 (2001).

During oral argument on the motion for reconsideration, J.W. essentially repeated that K.W. had not "proven" the allegations of domestic violence. His statements made clear that he did not understand that an FRO could result from mere stalking and harassing conduct, and did not require actual physical violence. The judge attempted to explain this point, as he had during the original FRO hearing.

The judge made preliminary findings after the November 10 proceedings:

> With respect to the motion for reconsideration of the final restraining order, that motion is denied. And in summary, I specifically remember this trial. I remember how calculating the defendant was with respect to stalking the plaintiff and the various means of observing her, and the different technologies that were utilized. As counsel indicated, I placed a detailed decision on the record. The defendant brings up issues that either were or could have been raised in the hearing, and they're . . . without merit as far as I'm concerned. I'll deal with them in more detail in the decision I place on the record.
>
> Regarding the defendant's application concerning custody and parenting time, that's also denied. Although, I'll note that it appears that he's moving in the right direction, but I will caution him as to -- he's been placed on notice that any activities -- he denies being at or near the plaintiff's place of employment. That could be subject of a further application in the FV docket by the plaintiff which will increase his counsel fees, and it may be subject to prosecution in

the FO [sic] docket. Plaintiff is well represented by counsel, and she will follow whatever course of action she sees fit.

On November 16, the judge placed additional findings on the record:

> So with respect to the defendant's application for reconsideration of the final restraining order, the defendant had basically wanted to re-litigate. He said he never beat the plaintiff during the marriage. He indicated that there were filings in the divorce case that we still did things as a family after some of the dates alleged in the domestic violence complaint. That he did not suffer from Post-Traumatic Stress Disorder. He said, we had separate bedrooms. Interestingly enough, he said, I later became hostile in the emails. So, he admits that at a certain point, he was hostile in the emails.
>
> And the plaintiff had indicated through counsel the Court's detailed decision on the record, and I specifically remember this trial, and I had fined the defendant the maximum fine. I found the defendant's conduct extremely controlling, extremely calculating. He was stalking the plaintiff. He had placed listening devices in her car and in her house, and for the reasons that I set forth on the record on September 24th as well as November 10th, his application was and is denied.
>
> With respect to the other application for custody and parenting time, he had indicated on November 10th, that he wanted to see his children and was asking the Court for consideration. Plaintiff, through counsel, indicates that the final restraining order on September 24th indicated a road map for the defendant that he has perhaps begun to follow as far as the evaluation and counseling, but has not completed; and further, there was a

4

reference made to the fact that he was seen at or near the employment of the plaintiff, despite the fact that he was prohibited from doing so in the final restraining order.

The defendant denied that and I indicated that that wasn't before the Court, but I had indicated to the plaintiff that that, indeed, would be concerning to the Court, and if that conduct, in fact, occurred or continued to occur, she should report it to the appropriate authorities. And I placed the defendant on notice that that type of conduct would not be tolerated. So, due to the fact that the defendant has not completed the counseling that was set forth, that application was denied.

Motions for reconsideration rest within the sound discretion of the trial court. Pitney Bowes Bank, Inc. v. ABC Caging Fulfillment, 440 N.J. Super. 378, 382 (App. Div. 2015). They are granted only when a judge's decision is based on plainly incorrect reasoning, when he or she failed to consider evidence, or when there is a good reason for new information to be taken into account. Ibid.; Cummings v. Bahr, 295 N.J. Super. 374, 384 (App. Div. 1996). At argument, J.W. merely repeated many of the same statements he made initially, doing nothing more than disagreeing with the judge's conclusions.

The judge had found K.W.'s testimony at the FRO hearing, and the documents she moved into evidence, established by a preponderance of the evidence the predicate offenses of stalking or harassment. See N.T.B. v. D.B.B., 442 N.J. Super. 205, 216

(App. Div. 2015) (holding that a plaintiff must establish the predicate acts in an FRO by a preponderance of the evidence). J.W. did not refute the proofs at the trial, and offered nothing new during the reconsideration argument.

As J.W. explained during argument on reconsideration, he saw no need to testify in his own behalf because when K.W. rested her case, he concluded she had not proven anything. Although J.W. seemed to be saying that he had been psychiatrically evaluated as required by the FRO, the first step towards resuming parenting time with his children, he did not produce an evaluation.

The judge's reasoning in denying reconsideration was sound, based on his earlier finding that K.W. was credible and that the necessary predicate acts of stalking and harassment occurred. They included implanting listening devices in the marital home, and elsewhere, and recording a telephone conversation between K.W. and her mother. We review a Family Part judge's findings of fact deferentially, not just because they alone have the opportunity to see or hear witnesses and observe their demeanor, but because of their specialized training and expertise. Cesare v. Cesare, 154 N.J. 394, 413 (1998). Furthermore, in the judge's opinion, the FRO was necessary for K.W.'s protection, thus meeting both prongs of Silver v. Silver, 387 N.J. Super. 112, 125–28 (App. Div. 2006).

There was simply no basis in law or fact for the judge to set aside his decision. The reconsideration standard was not met. Thus the judge did not abuse his discretion in denying J.W.'s motion. See Pitney Bowes, supra, 440 N.J. Super. at 383. J.W.'s points of error are so lacking in merit as to not warrant further discussion in a written opinion. See R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION